IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 12-30042 |
| | ) | No. 13-30082 |
| **RONALD W. EVANS, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Defendant Ronald W. Evans, Jr.'s Motion to Terminate Supervised Release filed in Case No. 12-30042 (d/e 141). Because early termination of supervised release is not in the interest of justice, the Motion is DENIED.

On July 15, 2014, this Court sentenced Defendant in two separate cases. In Case No. 12-30042, the Court sentenced Defendant to 12 months' imprisonment and 2 years of supervised release on each of Counts 2ss and 8ss, to run concurrently. The Court also ordered Defendant to pay restitution in the amount of $917,194, jointly and severely with co-defendant Regina Evans, to the Illinois Department of Commerce and Economic Opportunity.

In Case No. 13-30082, the Court sentenced Defendant to 12 months' imprisonment and 1 year of supervised release on Count 3s and 12 months' imprisonment and 2 years of supervised release on Count 4s, to run concurrently with each other and with the sentence imposed in 12-30042. No restitution was ordered in Case No. 13-30082.

On September 15, 2016, Defendant filed a Motion to Terminate Supervised Release only in Case No. 12-30042, but the Court will treat the Motion as having been filed in both cases. Defendant asserts that, since his release from the Bureau of Prisons on September 8, 2015, he has fulfilled all of the conditions of his supervised release. Defendant is employed with United Parcel Service. Defendant has undergone the required drug testing, all of which indicate negative results. He maintains a two bedroom apartment in Henderson, Nevada, where he lives with his son. Defendant represents that he had no infractions during pre-trial, while incarcerated, or since his release. Defendant asserts that an early termination of supervised release would allow him to pursue career advancement opportunities and continue to provide for his son.

The Government filed a Response (d/e 143) to the Motion setting forth the position of the Government and the Probation Office. It is Probation's position that, due to Defendant's role in the instant offense and the significant amount of restitution still owed—approximately $894,000—early termination is not recommended.

The Government agrees with Probation's position. In particular, the Government notes that the special conditions of Defendant's supervised release provide, in part, as follows:

> 3. The Defendant shall not incur any new debts or open any additional lines of credit in excess of $500 without prior approval of the U.S. Probation Office.
>
> 4. The Defendant shall provide the U.S. Probation Office access to any requested financial information including both his business and personal income tax returns.

Case No. 12-30042, Judgment at 4 (d/e 128); Case No. 13-30082, Am. Judgment at 4 (d/e 15). In Case No. 12-30042, Defendant was also required to make monthly payments of at least 30% of his disposable income per month during the entire term of supervised release or until the restitution obligation was paid in full. Case No. 12-30042, Judgment at 4, Special Condition 5. The Government asserts that, without these conditions, Defendant is free to incur financial obligations which could impede his repayment of

restitution and could conceal income that would indicate that Defendant is not paying the 30% of his disposable income per month.

Pursuant to 18 U.S.C. § 3583(e), a district court may terminate a term of supervised release any time after the expiration of one year of supervised release and after the court considers the facts set forth in § 3553(a), if the court finds that early termination is warranted by the conduct of the defendant and the interest of justice.  18 U.S.C. § 3583(e); United States v. Lowe, 632 F. 3d 996, 998 (7th Cir. 2011).  The relevant § 3553 factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, the need to protect the public from further crimes of the defendant, the need to provide the defendant with correctional treatment, the kinds of sentence and the sentence range, any pertinent policy statement, the need to avoid unwarranted sentence disparities, and the need to provide restitution.  18 U.S.C. § 3553(a).

Defendant has served one year of supervised release, and the Court commends Defendant for his good conduct while incarcerated

and on supervised release.  The Court finds however, after consideration of the relevant § 3553(a) factors, that early termination is not warranted in the interest of justice.  Defendant still owes a large amount of restitution.  The special conditions of supervised release are necessary for the Probation Office to ensure that Defendant does not incur financial obligations or conceal income that could impede repayment of the restitution.

IT IS THEREFORE ORDERED that Defendant's Motion to Terminate Supervised Release (d/e 141) is DENIED.  The Clerk is DIRECTED to file a copy of Defendant's Motion to Terminate Supervised Release in Case No. 13-30082, along with a copy of this Order.

ENTER: October 17, 2016

FOR THE COURT:

    s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE